FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

12 APR 27  PM 3: 52

ROBERT N. TRGOVICH
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

KATHLEEN O'CONNELL,                    )
                                       )
        Plaintiffs,                    )
                                       )          CAUSE NO.:  **1 ▪ 12C V 13 3** PPS
                                       )
        v.                             )
                                       )
TRUSTEES OF PURDUE UNIVERSITY and      )
INDIANA UNIVERSITY PURDUE              )
UNIVERSITY FORT WAYNE, CHANCELLOR      )
MICHAEL WARTELL, in his individual capacity )
and VICE CHANCELLOR WILLIAM            )
McKINNEY, in his individual capacity   )
                                       )
        Defendants.                    )
                                       )

---

## COMPLAINT FOR DAMAGES AND JURY DEMAND

---

### I. NATURE OF THE ACTION

1.      This is an action brought pursuant to Title VII of the Civil Rights Act of 1964

("Title VII"), as amended, 42 U.S.C. §2000e, *et. seq.*, the Age Discrimination in Employment

Act ("ADEA"), as amended, 29 U.S.C. 621 *et seq.*, the Equal Pay Act of 1963 ("EPA"), 29

U.S.C. § 201 *et. seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101 *et.*

*seq.* the Family Medical Leave Act, 29 U.S.C. § 2601 *et. seq.* and the Fourteenth Amendment.

Kathleen O'Connell ("O'Connell"), Plaintiff, alleges that the Trustees of Purdue University,

Indiana University Purdue University Fort Wayne, Chancellor Michael Wartell, in his individual

1

capacity, and Vice Chancellor William McKinney, in his individual capacity, violated her rights as guaranteed by Title VII, the ADEA, the EPA, the ADA, the FMLA and the Fourteenth Amendment.

## II. THE PARTIES

2.     Plaintiff Kathleen O'Connell is a sixty year old female (60, D/O/B: 1/28/1952) and currently resides in Whitley County, Indiana.  Plaintiff was hired by Defendants on August 20, 1990, as an Assistant Professor of Nursing and was promoted to Associate Vice Chancellor for Faculty Affairs.  She was later advanced to Associate Vice Chancellor for Community Engagement, Professor of Nursing and Director of the Behavioral Health Institute.

3.     Plaintiff is currently employed with Indiana University-Purdue University of Fort Wayne as a Professor of Nursing and Director of the Behavioral Health Institute. Plaintiff is an "employee" for the purposes of Title VII, the EPA, the ADA, the FMLA and the ADEA.

4.     Plaintiff is a "disabled person" under the terms of the ADA, and/or perceived as "disabled" by the Defendants.

5.     The Defendant, the Trustees of Purdue University, is the governing body of Purdue University, and Indiana University-Purdue University Fort Wayne.

6.     The Defendant, Indiana University-Purdue University Fort Wayne is an educational institution created by the laws of Indiana and has the authority to make employment decisions relating to University employees.  IPFW is located at 2101 E. Coliseum Boulevard, Fort Wayne, Indiana.  The Defendant is an "employer" for the purposes of Title VII, the EPA, the ADA, the FMLA and the ADEA.

7.     The Defendant, Michael Wartell, was at all relevant times to this Complaint, the Chancellor of IPFW and decision-maker regarding employment decision at IPFW.

2

8.     The Defendant, William McKinney, was at all relevant times to this Complaint, the Vice Chancellor for Academic Affairs of IPFW.

9.     Defendants are herein collectively referred to as "IPFW".

### III. JURISDICTION AND VENUE

10.     Jurisdiction is conferred on this Court by the raising of federal questions of law by the Plaintiff and by the provisions of 42 U.S. U.S.C. § 2000(e)-5(f)(3), 29 U.S.C. § 626(c), 29 U.S.C. § 206 and §2617(a)(2), 28 U.S.C. §§ 1331, 1343, and 1367.

11.     Plaintiff has fully satisfied her obligation to exhaust administrative remedies by undergoing the various levels of administrative review and appeal offered by Defendants.

12.     Plaintiff filed a Charge of Discrimination with the EEOC.  On or about February 7, 2012, O'Connell received her Notice of Rights/Notice of Suit Rights from the EEOC, and she brings this complaint within ninety (90) days of receipt thereof. (Attached hereto as Exhibit "A").

13.     All of the events, transactions or occurrences happened within the geographical confines of the Northern District of Indiana and all parties are located therein.  Therefore, venue is proper in this District Court under 28 U.S.C. § 1391.

### IV. FACTUAL AND LEGAL ALLEGATIONS

14.     Plaintiff was hired by Respondent, Indiana University/Purdue University Fort Wayne, on August 20, 1990 as Assistant Professor of Nursing.

15.     Plaintiff is a disabled individual who has Rheumatoid Arthritis had several surgeries and many medical issues related thereto.

3

16.     Plaintiff was promoted to Associate Vice Chancellor for Faculty Affairs, then to Associate Vice Chancellor for Community Engagement, Professor of Nursing and Director of the Behavioral Health Institute.

17.     Plaintiff was supervised by Vice Chancellor of Academic Affairs, William McKinney, who in turn reported to Chancellor Wartell.

18.     In October of 2010 and thereafter, Plaintiff took leave due to her disability and serious health condition.

19.     At all relevant times to this Complaint, Plaintiff met or exceeded the Defendants' legitimate performance expectations.

20.     During her employment, Plaintiff requested reasonable accommodations for her disability.

21.     Defendants Wartell and McKinney interfered with, and refused to allow Plaintiff to submit two grant proposals.

22.     On October 25, 2010, a subordinate of Plaintiff filed a grievance against her. Plaintiff was exonerated of the charges.  Despite being exonerated of the charges, the Defendants proceeded to take action against her.

23.     On April 7, 2011, Defendants demoted Plaintiff to Professor of Nursing and Director of Behavioral Institute.  Plaintiff was notified by the Vice Chancellor that he needed to make a change because of the grievance filed against Plaintiff.  There was no other reason given for the demotion.

24.     Defendants further placed Plaintiff on a Performance Improvement Plan, despite being exonerated of the grievances filed against her.

25.     Plaintiff was one of the highest ranking women in academic affairs.

4

26.     At the same time, Defendants also demoted another high ranking women in academic affairs.

## V. LEGAL CLAIMS

### COUNT I: SEX DISCRIMINATION-TITLE VII

27.     Plaintiff hereby incorporates paragraphs 1-26 of her Complaint.

28.     Plaintiff was discriminated against on the basis of her sex.

29.     Similarly-situated male employees were treated more favorably in the terms, privileges, and conditions of their employment.

30.     Defendants' stated reason for terminating Plaintiff was pre-textual.

31.     Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

### COUNT II: HOSTILE WORK ENVIRONMENT-TITLE VII

32.     Plaintiff hereby incorporates paragraphs 1-31 of her Complaint.

33.     Defendants' unlawful actions created a hostile work environment which violated Plaintiff's rights as protected by Title VII.

### COUNT III: AGE DISCRIMINATION - ADEA

34.     Plaintiff hereby incorporates paragraphs 1-32 of her Complaint.

35.     Plaintiff was discriminated against on the basis of her age.

36.     Similarly-situated, younger employees, were treated more favorably in the terms, privileges, and conditions of their employment.

37.     Defendants' unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADEA.

5

## COUNT IV: VIOLATION OF THE EQUAL PAY ACT

38.     Plaintiff hereby incorporates paragraphs 1-37 of her Complaint.

39.     Defendants paid higher wages to male employees who were performing work equal to or less than Plaintiff, which work required substantially similar skill, effort and responsibilities.

40.     The work performed by male employees and Plaintiff was performed under similar working conditions.

41.     Defendants have discriminated against Plaintiff in violation of the EPA.

42.     Defendant terminated Plaintiff in retaliation for having engaged in protected activity under the EPA.

43.     Defendants' actions have been intentional, willful, and taken in reckless disregard of Plaintiff's legal rights as protected by the EPA.

## COUNT V-FMLA VIOLATIONS

44.     Plaintiff hereby incorporates paragraphs 1-43 of her Complaint.

45.     Defendants unlawfully discriminated against and retaliated against Plaintiff in violation of the FMLA.

46.     Defendants terminated Plaintiff in retaliation for the exercise of her rights under the FMLA.

47.     All reasons proffered by Defendants for adverse actions taken by it regarding Plaintiff's employment are pretextual.

48.     Defendants' retaliation against Plaintiff violated the FMLA, 29 U.S.C. §2615(a) by discriminating against her and terminating her due to the exercise of her FMLA rights.

49.     Defendants' actions were intentional, willful, done in bad faith, and in reckless disregard of Plaintiff's federally protected rights under the FMLA.

## COUNT VI: VIOLATION OF FOURTEENTH AMENDMENT

50.     Plaintiff here incorporates paragraphs 1-49 of her Complaint.

51.     Defendants subjected Plaintiff to disparate treatment because of her sex.

52.     Defendants violated Plaintiff's equal protection rights as protected by the Fourteenth Amendment of the United States Constitution by treating her differently based upon her sex.

53.     Defendants' actions violated Plaintiff's due process rights.

54.     Defendants' actions were intentional, willful, and in reckless disregard of Plaintiff's clearly established rights.

55.     Plaintiff has suffered damages as a result of Defendants' unlawful actions.

## COUNT VII. VIOLATION OF THE ADA

56.     Plaintiff hereby incorporates paragraphs 1-55 of her Complaint.

57.     At all relevant times, Defendants knew of Plaintiff's disabilities.

58.     Plaintiff requested reasonable accommodations be made for her because of her disabilities.

59.     Defendants failed to make reasonable accommodations for the Plaintiff.

60.     Defendants' knowingly and intentionally discriminated against the Plaintiff by treating her differently than similarly situated employees in the terms and conditions of her employment because of her disability.

61.     Defendants' knowingly and intentionally discriminated against the Plaintiff by terminating her employment because she sought medical treatment for her disability.

7

62.     Defendants' actions have been intentional, willful, and taken in reckless disregard of Plaintiff's legal rights as protected by the ADA.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff Kathleen O'Connell, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1.     Order Defendants to reinstate her to her former position, with full seniority, benefits, and wages, or front pay in lieu thereof;

2.     Enjoin Defendants from future violations of Title VII, the ADEA, the ADA, the FMLA and the EPA;

3.     Order Defendants to pay to Plaintiff all lost wages, benefits, compensation, and monetary loss suffered as a result of Defendant's unlawful actions;

4.     Order Defendants to pay to Plaintiff compensatory and punitive damages;

5.     Order Defendants to pay to Plaintiff all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

6.     Order Defendants to pay to Plaintiff pre- and post-judgment interest on all sums recoverable; and

7.     Order Defendants to provide Plaintiff with all other legal and/or equitable relief to which she is entitled.

Respectfully submitted,

HUNT SUEDHOFF KALAMAROS LLP

Linda A. Polley          Atty. No. 10897-02
Eric M. Wilkins          Atty. No. 25869-02
803 South Calhoun Street, Suite 900
P.O. Box 11489
Fort Wayne, Indiana 46858-1489
Telephone:     260/423-1311
Facsimile:     260/424-5396
Email:         lpolley@hsk-law.com
               ewilkins@hsk-law.com

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Kathleen O'Connell, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

Linda A. Polley          Atty. No. 10897-02
Eric M. Wilkins          Atty. No. 25869-02
HUNT SUEDHOFF KALAMAROS LLP

9

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Ms. Kathleen L. O'Connell<br>3629 East 1000 South 92<br>Roanoke, Indiana 46783 | From: Indianapolis District Office<br>101 West Ohio Street, Suite 1900<br>Indianapolis, Indiana 46204 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2011-02705 | Randy G. Poynter,<br>Enforcement Supervisor | (317) 226-5670 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **back pay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Webster N. Smith,
District Director

FEB 0 7 2012

(Date Mailed)

Enclosures(s)

cc:  Ms. Alysa Christmas Rollock
Vice President for Ethics and Compliance
PURDUE UNIVERSITY
155 South Grant Street
Ernest C. Young Hall, Room 1029
West Lafayette, Indiana 47907-2114

EXHIBIT

A